IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA
c/o Department of Justice
Washington, D.C. 20530,

                Plaintiff,

    v.

LEN BLAVATNIK
c/o Access Industries
28 Kensington Church Street, 4th Floor
London, United Kingdom W8 4EP

              Defendant.

Civil Action No.

## COMPLAINT FOR CIVIL PENALTIES FOR FAILURE TO COMPLY WITH THE PREMERGER REPORTING AND WAITING REQUIREMENTS OF THE HART-SCOTT RODINO ACT

The United States of America, Plaintiff, by its attorneys, acting under the direction of the Attorney General of the United States and at the request of the Federal Trade Commission, brings this civil antitrust action to obtain monetary relief in the form of civil penalties against Defendant Len Blavatnik ("Blavatnik"). Plaintiff alleges as follows:

## NATURE OF THE ACTION

1. Blavatnik violated the notice and waiting period requirements of the Hart-Scott-Rodino Antitrust Improvements Act of 1976, 15 U.S.C. § 18a ("HSR Act" or "Act"), with respect to the acquisition of voting securities of TangoMe, Inc. ("TangoMe") in August 2014.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to

1

Section 7A(g) of the Clayton Act, 15 U.S.C. § 18a(g), and pursuant to 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355 and over the Defendant by virtue of Defendant's consent, in the Stipulation relating hereto, to the maintenance of this action and entry of the Final Judgment in this District.

3.      Venue is properly based in this District by virtue of Defendant's consent, in the Stipulation relating hereto, to the maintenance of this action and entry of the Final Judgment in this District.

THE DEFENDANT

4.      Defendant Blavatnik is a natural person with his principal office and place of business care of Access Industries, 28 Kensington Church Street, 4th Floor, London, United Kingdom W8 4EP.  Blavatnik is engaged in commerce, or in activities affecting commerce, within the meaning of Section 1 of the Clayton Act, 15 U.S.C. § 12, and Section 7A(a)(1) of the Clayton Act, 15 U.S.C. §18a(a)(1).  At all times relevant to this complaint, Blavatnik had sales or assets in excess of $151.7 million.   Blavatnik is the ultimate parent entity of Access Industries ("Access").

OTHER ENTITIES

5.      TangoMe is a corporation organized under the laws of Delaware with its principal place of business at 475 Ellis Street, Mountain View, CA 94043.  TangoMe is engaged in commerce, or in activities affecting commerce, within the meaning of Section 1 of the Clayton Act, 15 U.S.C. § 12, and Section 7A(a)(1) of the Clayton Act, 15 U.S.C. §18a(a)(1).  At all times relevant to this complaint, TangoMe had sales or assets in excess of $15.2 million.

6.      LyondellBasell Industries N.V. ("LyondellBasell") is a corporation organized

2

under the laws of The Netherlands with its principal place of business at 1221 McKinney Street,

Suite 700, Houston, TX 77010.  LyondellBasell is engaged in commerce, or in activities

affecting commerce, within the meaning of Section 1 of the Clayton Act, 15 U.S.C. § 12, and

Section 7A(a)(1) of the Clayton Act, 15 U.S.C. §18a(a)(1).   At all times relevant to this

complaint, LyondellBasell had sales or assets in excess of $12.7 million.

## THE HART-SCOTT-RODINO ACT AND RULES

7.       The HSR Act requires certain acquiring persons and certain persons whose voting

securities or assets are acquired to file notifications with the federal antitrust agencies and to

observe a waiting period before consummating certain acquisitions of voting securities or assets.

15 U.S.C. § 18a(a) and (b).  These notification and waiting period requirements apply to

acquisitions that meet the HSR Act's thresholds, which are adjusted annually.  During the period

of 2014 pertinent to this complaint, the HSR Act's reporting and waiting period requirements

applied to transactions that would result in the acquiring person holding more than $75.9 million,

if certain sales and asset thresholds were met, and all transactions (regardless of the size of the

acquiring or acquired persons) where the acquiring person would hold more than $303.4 million

of the acquired person's voting securities and/or assets, except for certain exempted transactions.

8.       The HSR Act's notification and waiting period are intended to give the federal

antitrust agencies prior notice of, and information about, proposed transactions.  The waiting

period is also intended to provide the federal antitrust agencies with an opportunity to investigate

a proposed transaction and to determine whether to seek an injunction to prevent the

consummation of a transaction that may violate the antitrust laws.

9.       Pursuant to Section (d)(2) of the HSR Act, 15 U.S.C. § 18a(d)(2), rules were

3

promulgated to carry out the purposes of the HSR Act.  16 C.F.R. §§ 801-803 ("HSR Rules").

The HSR Rules, among other things, define terms contained in the HSR Act.

10.     Pursuant to section 801.13(a)(1) of the HSR Rules, 16 C.F.R. § 801.13(a)(1), "all

voting securities of [an] issuer which will be held by the acquiring person after the

consummation of an acquisition" -- including any held before the acquisition -- are deemed held

"as a result of" the acquisition at issue.

11.     Pursuant to sections 801.13(a)(2) and 801.10(c)(1) of the HSR Rules, 16 C.F.R. §

801.13(a)(2) and § 801.10(c)(1), the value of publicly traded voting securities already held is the

market price, defined to be the lowest closing price within 45 days prior to the subsequent

acquisition.

12.     Section 7A(g)(1) of the Clayton Act, 15 U.S.C. § 18a(g)(1), provides that any

person, or any officer, director, or partner thereof, who fails to comply with any provision of the

HSR Act is liable to the United States for a civil penalty for each day during which such person

is in violation.  For violations occurring on or after February 10, 2009, the maximum amount of

civil penalty is $16,000 per day, pursuant to the Debt Collection Improvement Act of 1996, Pub.

L. 104-134, § 31001(s) (amending the Federal Civil Penalties Inflation Adjustment Act of 1990,

28 U.S.C. § 2461 note), and Federal Trade Commission Rule 1.98, 16 C.F.R. § 1.98, 74 Fed.

Reg. 857 (Jan. 9, 2009).

<u>DEFENDANT'S PRIOR VIOLATION OF THE HSR ACT</u>

13.     On August 23, 2010, Blavatnik acquired 133,400 voting securities of

LyondellBasell.  At the time of the acquisition, Blavatnik already held voting securities of

LyondellBasell.  The value of the voting securities held by Blavatnik after the acquisition was

4

approximately $634 million.

14.     Although he was required to do so, Blavatnik did not file under the HSR Act prior to acquiring LyondellBasell voting securities on August 23, 2010.

15.     Blavatnik continued to acquire LyondellBasell voting securities in August and September of 2010, acquiring a total of 3,270,500 additional voting securities.

16.     On December 1, 2010, Access, acting on Blavatnik's behalf, made a corrective filing under the HSR Act for the August 23, 2010, acquisition of LyondellBasell voting securities, and the subsequent acquisitions in August and September of 2010.  In a letter accompanying the corrective filing, Blavatnik acknowledged that the transaction was reportable under the HSR Act, but asserted that the failure to file and observe the waiting period was inadvertent.  Blavatnik also committed that he and Access would consult with HSR counsel before making any additional acquisitions of voting securities.

17.     On January 4, 2011, the Premerger Notification Office of the Federal Trade Commission sent a letter to Access indicating that it would not recommend a civil penalty action regarding the August 23, 2010, LyondellBasell acquisition, but stating that Blavatnik "still must bear responsibility for compliance with the Act.  In addition, he is accountable for instituting an effective program to ensure full compliance with the Act's requirements."

## VIOLATION

18.     On August 6, 2014, Blavatnik, through Access, acquired 2,818,182 shares of TangoMe voting securities.  Blavatnik's voting securities represented approximately 29.1% of TangoMe's outstanding voting securities and were valued at approximately $228 million.

19.     Prior to acquiring the TangoMe voting securities, neither Access nor Blavatnik

5

conducted any HSR review of the proposed acquisition or consulted with HSR counsel, notwithstanding their commitments to do so made in connection with the LyondellBasell corrective filing.

20.     On December 17, 2014, Blavatnik made a corrective filing under the HSR Act for the August 6, 2014, acquisition of TangoMe voting securities.  The waiting period on the corrective filing expired on January 16, 2015.

21.     Blavatnik was in continuous violation of the HSR Act from August 6, 2014, when it acquired the TangoMe voting securities valued in excess of the HSR Act's $75.9 million size-of-transaction threshold, through January 16, 2015, when the waiting period expired.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests:

a.     That the Court adjudge and decree that Defendant Blavatnik's acquisition of TangoMe voting securities on August 6, 2014, was a violation of the HSR Act, 15 U.S.C. § 18a; and that Defendant Blavatnik was in violation of the HSR Act each day from August 6, 2014, through January 16, 2015.

b.     That the Court order Defendant Blavatnik to pay to the United States an appropriate civil penalty as provided by the HSR Act, 15 U.S.C. § 18a(g)(1), the Debt Collection Improvement Act of 1996, Pub. L. 104-134, § 31001(s) (amending the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461 note), and Federal Trade Commission Rule 1.98, 16 C.F.R. § 1.98, 74 Fed. Reg. 857 (Jan. 9, 2009).

c.     That the Court order such other and further relief as the Court may deem just and proper.

6

d.    That the Court award the Plaintiff its costs of this suit.

Dated: _____

FOR THE PLAINTIFF UNITED STATES
OF AMERICA:


William J. Baer                              Daniel P. Ducore
D.C. Bar No. 324723                          D.C. Bar No. 933721
Assistant Attorney General                   Special Attorney
Department of Justice
Antitrust Division
Washington, D.C.  20530

                                             Roberta S. Baruch
                                             D.C. Bar No. 269266
                                             Special Attorney


                                             Kenneth A. Libby
                                             Special Attorney


                                             Jennifer Lee
                                             Special Attorney


                                             Federal Trade Commission
                                             Washington, D.C. 20580
                                             (202) 326-2694

7